**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
|                                              | : |                              |
| RICHARD ROCHE,                               |   |                              |
| FELIX ROCHE and                              | : |                              |
| ABDIEL F. AVILA                              |   | Civil Action No.             |
|                                              | : | 10-4237 (DRD)                |
|       Petitioners, |   |                              |
|                                              | : |                              |
|       v.       |   | **M E M O R A N D U M**      |
|                                              | : | **O P I N I O N  A N D  O R D E R** |
| UNITED STATES OF AMERICA et al.,             |   |                              |
|                                              | : |                              |
|       Respondent. |   |                              |
|                                              | : |                              |

---

This matter comes before the Court upon the Clerk's receipt of an application seeking habeas corpus relief ("Petition"), submitted jointly by the above-listed Petitioners, and it appearing that:

1.  The Petition names, as Petitioners in this action, three individuals, namely Richard Roche, Abdiel Fermin Avila and Felix Roche.  See Docket Entry No. 1, at 1.

2.  Since the Petition aims to challenge three different immigration and naturalization decisions, i.e., the decisions presumably rendered with regard to Richard Roche, Abdiel Fermin Avila and Felix Roche, the Petition violates Habeas Rule 2(e), which requires filing of a new and separate petition with regard to each separate determination.  In other words, Richard Roche, Abdiel Fermin Avila and Felix Roche cannot file a joint petition challenging their individual immigration and/or naturalization determinations; rather, they must bring separate habeas actions, each challenging an individual decision rendered with regard to each Petitioner.

Page -1-

3.  Moreover, to the extent Petitioners seek to challenge determinations made with regard to their naturalization, each such habeas challenge may be raised before this Court only with regard to the Attorney General's naturalization actually rendered decision (or failure to make a determination).  As the Court of Appeals clarified,

> [unless it is first duly made to the Attorney General, a petitioner's] request that the District Court declare him a citizen [thus, staying the petitioner's removal, would] be foreclosed by 8 U.S.C. § 1452(a), which since 1990 has provided that applications for a certificate of citizenship must be made to the Attorney General instead of the District Court.  See generally Ajlani v. Chertoff, 545 F.3d 229, 235-36 (2d Cir. 2008). The District Court retains jurisdiction under 8 U.S.C. § 1421(c) to review the Attorney General's denial of a such an application, and retains jurisdiction under 8 U.S.C. § 1447(b) to hold a hearing on the matter, and either determine or remand it, if the Attorney General fails to make a determination within 120 days after the applicant's required examination.  See Ajlani, 545 F.3d at 236. . . .  We further note in this regard that 8 U.S.C. § 1429 precludes the Attorney General from considering an application for naturalization during the pendency of removal proceedings.  See Ajlani, 545 F.3d at 236. [Alternatively, i]f and when a final order of removal is entered against [the petitioner], and if he first exhausts all his administrative remedies, then he can raise any otherwise-proper challenge to his removal proceeding and final order of removal in the Court of Appeals for the judicial circuit in which the Immigration Judge completes the proceeding.  See 8 U.S.C. § 1252(b)(2).

Alcantara v. AG of the United States, 2009 U.S. App. LEXIS 11952, at *4, n.1 (3d Cir. Jan. 26, 2009).

IT IS, therefore, on this _19th_ day of _October_, 2010,

ORDERED that the habeas application docketed in this action as Docket Entry No. 1 is construed as an application filed solely by Richard Roche, and the Clerk shall terminate Abdiel Fermin Avila and Felix Roche as Petitioners in this action, accord Roche v. Ricchi, Civil Action No. 10-4360 (NLH) (D.N.J.) (similarly treating Petitioner's joint § 2254 petition); and it is further

ORDERED that Richard Roche's application to proceed in this matter in forma pauperis is

2em

granted; and it is further

ORDERED that the instant Petition, Docket Entry No. 1, being construed as Richard Roche's individual petition, is dismissed without prejudice to Richard Roche filing of an amended petition which shall clearly identify the particular denial-of-naturalization determination Richard Roche is wishing to challenge and, in addition, shall clarify whether Richard Roche's challenges were duly presented to the Attorney General in accordance with the guidance provided in Alcantara; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED." Such administrative termination is not a dismissal on merits, and it shall not be construed as this Court's withdrawal of jurisdiction over this matter; and it is further

ORDERED that Richard Roche shall file his amended petition, complying with the terms of this Memorandum Opinion and Order, within thirty days from the date of entry of this Memorandum Opinion and Order.  In the event Richard Roche timely files his amended Petition, this Court will direct the Clerk to reopen this matter and will address the allegations set forth in Richard Roche's amended petition on merits; and it is further

ORDERED that the Clerk shall open two new separate civil matters and assign them to the undersigned; and it is further

ORDERED that, in each of these two new separate civil matters, the Clerk shall designate "Nature of Suit: 530 Habeas Corpus (General)"; "Jurisdiction: U.S. Government Defendant" and "Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)"; and it is further

ORDERED that, in each of these two new separate civil matters, the Clerk shall designate

"United States Attorney General" as Respondent; and it is further

ORDERED that the Clerk shall designate "Abdiel Fermin Avila, #636800/788891c, New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625" as Petitioner in the first new matter, and "Felix Roche, #19799-050, USP Lee, P.O. Box 305, Jonesville, VA 24263" as Petitioner in the second new matter; and it is further

ORDERED that, for the purposes of these two new matters, Petitioners Abdiel Fermin Avila and Felix Roche are granted in forma pauperis status on the basis of their applications to that effect filed in the instant matter; and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in the instant action and, in addition, in each of these two new matters; and it is further

ORDERED that the Clerk shall docket the Petition filed in this matter (i.e., the Petition docketed as Docket Entry No. 1 in Civil Action No. 10-4237 (DRD)) in each of these two new matters, accompanying each such entry with the docket text reading "Original Petition for Writ of Habeas Corpus 28 U.S.C. 2241"; and it is further

ORDERED that the Clerk shall terminate each of these two new matters by making a new and separate entry on both dockets reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that petitioners Abdiel Fermin Avila and Felix Roche may have their new matters reopened in the event they file, in their respective matters, their amended § 2241 petitions. Each such amended petition, if filed, shall clearly identify the particular denial-of-naturalization determination the Petitioner is wishing to challenge and, in addition, shall clarify whether these challenges were duly presented to the Attorney General. Such filings, if executed, must be made

within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon each Petitioner (that is, upon Richard Roche, Abdiel Fermin Avila and Felix Roche) by certified mail, return receipt requested.  The Clerk shall include in each such mailing a blank § 2241 habeas petition form; and it is finally

ORDERED that, in addition, the Clerk shall include in the mailings addressed to Abdiel Fermin Avila and to Felix Roche a copy of the docket sheet of the new and separate matter opened for each of these Petitioners.

*s/ Dickinson R. Debevoise*
**Dickinson R. Debevoise**
**United States District Judge**