UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
ABDIEL F. AVILA,                :   Civil Action No. 10-5389 (DRD)
                                :
            Petitioner,         :
                                :
        v.                      :   **MEMORANDUM OPINION AND ORDER**
                                :
UNITED STATES ATTORNEY          :
GENERAL,                        :
                                :
            Respondent.         :
_____:

IT IS APPEARING THAT:

1.  Petition, together with two other individuals, submitted a joint § 2241 petition requesting adjustment of their citizenship.¹ See Docket Entry No. 1. That joint petition gave rise to Civil Action No. 10-4237 (DRD). See id.

2.  The Court, therefore, reserved Civil Action No. 10-4237 for the litigant named first in that joint petition and directed the Clerk to open two separate matters for the remaining litigants, one of whom was Petitioner.² See id. The Clerk

_____

¹ It appears that Petitioner and his co-litigants in Civil Action No. 10-4237 are adherents of "sovereign citizenship" movement, pursuant to which persons denounce their United States citizenship and continue residing in the United States as "stateless" persons or as persons who either self-grant themselves an imaginary citizenship or declare themselves "citizens of the world" upon obtaining so-called "world passports." See Murakush Caliphate of Amexem Inc. v. New Jersey, 2011 U.S. Dist. LEXIS 51887, at 3-10 and nn. 2 and 3 (D.N.J. May 13, 2011) (detailing these concepts).

² The litigant, for whom Civil Action No. 10-4237 was
                                                    (continued...)

duly complied with the Court's directive, initiating the instant matter for Petitioner.

3. The Court's order directing commencement of the instant matter also directed Petitioner to submit his amended petition stating Petitioner's own § 2241 challenges. <u>See id.</u>

4. Petitioner, however, did not submit such amended petition. <u>See generally</u>, Docket. Rather, he submitted a document titled "Amended Letter of Rogatory," <u>see</u> Docket Entry No. 3, which: (a) informed the Clerk that Petitioner appointed him Petitioner's "financial trustee" for the purposes of a multitude of cases; (b) directed the Clerk to delete all records (of unspecified what) from the Internet, Facebook website, etc.; and (c) stated Petitioner's beliefs about invalidity of the United States government, its monetary system, etc. <u>See id.</u>

5. While Petitioner's failure to comply with the Court's prior order causes this Court great concern, the Court finds it warranted to give Petitioner the benefit of the doubt and, hence, to allow Petitioner one final opportunity to submit a <u>bona fide</u> § 2241 amended petition.

---

[2](...continued)
reserved, appealed this Court's determination. The United States Court of Appeals for the Third Circuit affirmed this Court decision. <u>See</u> <u>Roche v. AG United States</u>, 2011 U.S. App. LEXIS 5773 (3d Cir. Mar. 21, 2011).

IT IS, therefore, on this 31st day of May, 2011,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Petitioner's "Amended Letter of Rogatory," Docket Entry No. 3, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's "Amended Letter of Rogatory" shall not qualify as a valid § 2241 petition, see Habeas Rule 2(d) (explaining that a petition shall either utilize the pre-printed form attached to the Rules or follow the format largely identical to that of the pre-printed form); and it is further

ORDERED that Petitioner shall file a bona fide amended petition within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that such amended petition shall outline, plainly and concisely, Petitioner's legal basis (which must be limited to provisions of the United States Constitution or to federal laws of the United States),[3] his factual predicate and all stages of

---

[3] The Court, taking notice of Petitioner's "sovereign citizen/redemptionist" beliefs, expressly notes that Petitioner's challenges based on any UCC provision would *not* be considered bona fide amended petition. See Murakush Caliphate, 2011 U.S. Dist. LEXIS 51887, at *3-9 (extensively detailing the gist of "redemptionist" movement and the nature of "paper terrorism," which is based on "redemptionist" beliefs and abuses provisions of the UCC for the purposes of creating legally nonsensical
(continued...)

Petitioner's underlying administrative proceedings. Petitioner is expressly warned that a submission consisting of incomprehensible/irrelevant arguments, rhetoric, accusations against the United States, its government, its monetary system, etc., will *not* qualify as a <u>bona fide</u> amended petition, and such submission will cause conclusive closure of this matter; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank § 2241 petition form, *which the Court strongly encourages Petitioner to utilize for the purposes of Petitioner's execution of his amended petition*; and it is finally

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening upon the Court's timely receipt of Petitioner's <u>bona fide</u> amended petition, by making a new and separate entry reading "CIVIL CASE TERMINATED."

                                                */s/ Dickinson R. Debevoise*
                                        DICKINSON R. DEBEVOISE,
                                        **United States District Judge**

---

[3](...continued)
claims against the judiciary and personnel of law enforcement agencies/penitentiaries).